CITY OF MILWAUKEE, Appellant, vs. PUBLIC SERVICE
COMMISSION and others, Respondents.*

*October 11—November 9, 1943.*

* Motion for rehearing denied, without costs, on January 18, 1944.

For the appellant there were briefs by *Walter J. Mattison,* city attorney, and *Joseph L. Bednarck,* assistant city attorney, and oral argument by *Mr. Bednarek.*

For the respondent Public Service Commission there was a brief by the *Attorney General* and *H. T. Ferguson,* assistant attorney general, and oral argument by *Mr. Ferguson.*

*John C. Doerfer,* city attorney, for the respondent city of West Allis, and *James P. Taugher* of Milwaukee, for the respondent town of Greenfield.

BARLOW, J. The right of the city of West Allis to extend water service to the Lapham-Orchard Sanitary District was granted on a previous application to the Public Service Commission of Wisconsin, and was before this court in *Milwaukee v. Public Service Comm.* (1939) 232 Wis. 397, 287 N. W.

682. The only question before the court at this time is the reasonableness of the rules and rates for this service. This affects the city of West Allis and the patrons in the district to be served. None of them has appealed. The fact that the city of Milwaukee may be selling water to the city of West Allis does not make it a party in interest which entitles it to maintain an action to set aside an order of the Public Service Commission fixing the rates to be charged by the city of West Allis. The court properly rejected the evidence offered by the plaintiff. This case is ruled by *Milwaukee v. Public Service Comm., supra.*

Appellant contends that it has a right to have determined in this action the authority of the city of West Allis to extend its water service to the town of Greenfield, which may place additional burdens on Milwaukee's water utility, under its contract, express or implied, to furnish water to the city of West Allis, and that, if the subject matter is not properly before the commission and the court in the proceeding to establish rates for the service rendered to the town of Greenfield, it is properly before the court under the rule that two causes of action can be joined in one complaint, even though there be different forms of relief as against different defendants and different forms of relief in one action, citing *State v. P. Lorillard Co.* 181 Wis. 347, 193 N. W. 613.

The position of the appellant cannot be sustained. This is a proceeding before the Public Service Commission to establish rates for service to be rendered by the city of West Allis. Nothing more was before the commission. The commission properly refused to permit appellant to try issues existing between it and the city of West Allis at the hearing. It is proper for a party in interest to bring an action in circuit court to review the reasonableness of the order. It is held in this case that the city of Milwaukee is not affected by the order and so has no interest which entitles it to maintain an action to set the order aside. To hold that the appellant has a right to

bring this action and maintain it under the rule of law claimed would be to say that a stranger to a proceeding could come into court at any time and bring an action to review an order of the commission to enable him to try out a difference existing between the third party and some party to the hearing before the commission. The appellant does not come within the rule of law it is attempting to invoke. If a difference exists between the city of Milwaukee and the city of West Allis it must proceed before the Public Service Commission or the courts, as the facts and the law in the case require.

*By the Court.*—Judgment affirmed.

The following memorandum was filed January 18, 1944:

BARLOW, J. (*on motion for rehearing*). The plaintiff has filed a motion for rehearing, calling attention to the erroneous statement in this opinion of the ruling in the case of *Milwaukee v. Public Service Comm.* 232 Wis. 397, 287 N. W. 682. It is not intended to modify the decision in *Milwaukee v. Public Service Comm., supra,* and any statement in this opinion to the contrary will be disregarded. This, however, does not affect or change the conclusion reached in this case.

*By the Court.*—Motion for rehearing denied without costs.